IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO._____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | JURY TRIAL DEMANDED |
| | ) ) | |
| CONNECTIONS CSP, INC, | ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sabaina Massaquoi and a class of similarly situated individuals with disabilities who were adversely affected by such practices.

As is alleged with greater particularity in the Statement of Claims below, Defendant discriminated against Massaquoi when it failed to provide her with a reasonable accommodation for her disability (hypertension) and terminated her employment pursuant to its unlawful fixed leave policy in violation of the ADA.  The Commission alleges further that Defendant violated the ADA when it failed to accommodate similarly situated qualified individuals with disabilities and terminated them pursuant to its unlawful fixed leave policy.  Finally, the Commission alleges that

Defendant maintained and administered as a matter of course, a 12-week limitation on medical leave which has the effect of unduly limiting employment opportunities for individuals with disabilities.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United State District Court for the District of Delaware.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Connections CSP, Inc., has continuously been a Delaware corporation, doing business in Wilmington, Delaware and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Connections CSP, Inc., has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6.     At all relevant times, Defendant Connections CSP, Inc., has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.     More than thirty days prior to the institution of this lawsuit, Sabaina Massaquoi ("Massaquoi") filed a charge of discrimination with the Commission alleging, among other things, violations of the ADA by her former employer Connections CSP, Inc. ("Defendant").

8.     On September 1, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe, among other things, that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     On September 28, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.    Since at least October 2014, Defendant has engaged in unlawful employment practices, at all its facilities, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by failing to provide Massaquoi with a reasonable accommodation for her actual disability and by terminating her because of her disability, as follows:

a.    Defendant hired Massaquoi in July 2012.   She worked as a Psychiatric Technician.

b.    Massaquoi satisfactorily performed the essential functions of her job during the time that she worked for Defendant.

c.    In, or before, October 2014, Massaquoi informed Defendant of her hypertension, a physical impairment which substantially limits one or more of her major life activities and/or major bodily functions including, but not limited to, the functioning of her cardiovascular and circulatory systems.

d.    In, or before, October 2014, Massaquoi informed Defendant that her hypertension was exacerbated by her pregnancy.

e.    At all relevant times, Massaquoi was an individual with a disability within the meaning of the ADA who could perform the essential functions of her Psychiatric Technician position with or without a reasonable accommodation.

f.    On October 31, 2014, Massaquoi began her Family Medical Leave Act ("FMLA") leave.   The FMLA entitles eligible employees of covered employers to up to twelve (12) weeks of job-protected, unpaid leave during any 12-month period, for care of the employee's own serious health condition.

g.      On, or around January 22, 2015, Defendant received a letter from Massaquoi's physician, Dr. Khaja G. Yezdani, requesting a reasonable accommodation in the form of an extension of her medical leave until March 12, 2015.

h.      Defendant denied Massaquoi's request for a reasonable accommodation.

i.      Massaquoi's FMLA leave expired on January 26, 2015.  Defendant terminated Massaquoi on, or around, January 26, 2015.

j.      Before terminating Massaquoi, Defendant did not initiate or engage with her in any interactive process to identify the precise limitations resulting from her disability and potential accommodations that could cover those limitations including, but not limited to, additional unpaid leave or reassignment to vacant light duty positions.

k.      The effect of the practices complained of in paragraph 11 above has been to deprive Massaquoi of equal employment opportunities and otherwise affect her status as an employee because of her disability.

12.     Since at least January 2014, Defendant has engaged in unlawful employment practices, at all its facilities, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by failing to provide a similarly situated class of individuals with a reasonable accommodation for their actual disabilities and by terminating them because of their disabilities, as follows:

a.      Defendant hired Yveya Taylor ("Taylor") in July 2011 as a Cook.  In July 2012 Defendant promoted her to a Peer Coach position.

i.      Taylor satisfactorily performed the essential functions of her job during the time that she worked for Defendant.

ii.      In, or before, April 2014, Taylor informed Defendant of her leg and back impairments – sustained during an on-the-job injury - which substantially limit one or more of her major life activities and/or major bodily functions including, but not limited to, lifting, pulling, bending, and pushing.

iii.      In, or before, April 2014, Taylor informed Defendant that her doctor ordered her not to lift more than 30 pounds, bend, push, or pull because of her leg and back impairments.

iv.      At all relevant times, Taylor was an individual with a disability within the meaning of the ADA who could perform the essential functions of her Peer Coach position and several of Defendant's other positions with or without a reasonable accommodation.

v.      In, or before, April 2014, Taylor requested a reasonable accommodation in the form of reassignment to a vacant light duty position.

vi.      Defendant denied Taylor's request for reassignment to a vacant light duty position.

vii.      On, or around, April 22, 2014, Defendant placed Taylor on FMLA leave.

viii.      Taylor's FMLA leave expired on July 14, 2014.  Defendant terminated Taylor on July 15, 2014.

ix.      Before terminating Taylor, Defendant did not initiate or engage with her in any interactive process to identify the precise limitations resulting from her disability and potential accommodations that could cover those limitations

including, but not limited to, additional unpaid leave or reassignment to vacant light duty positions.

          x.       The effect of the practices complained of in paragraph 12a above has been to deprive Taylor of equal employment opportunities and otherwise affect her status as an employee because of her disability.

          b.       Defendant hired Chanda Murkinson ("Murkinson") on August 9, 2010.  She worked as a Licensed Practical Nurse.

          i.       Murkinson satisfactorily performed the essential functions of her job during the time that she worked for Defendant.

          ii.       In, or before May 2014, Murkinson informed Defendant of her anxiety and depression, mental impairments which substantially limit one or more of her major life activities and/or major bodily functions including, but not limited to, her brain functions.

          iii.       At all relevant times, Murkinson was an individual with a disability within the meaning of the ADA who could perform the essential functions of her Licensed Practical Nurse position with or without a reasonable accommodation.

          iv.       On, or around, May 19, 2014, Murkinson began her FMLA leave.

          v.       On, or before, August 11, 2014, Defendant received a letter from Murkinson's physician, Dr. Broudy, requesting a reasonable accommodation in the form of an extension of her medical leave.

          vi.       Defendant denied Murkinson's request for a reasonable accommodation.

vii.     Murkinson's FMLA expired on August 8, 2014.   Defendant terminated Murkinson on August 11, 2014.

viii.     Before terminating Murkinson, Defendant did not initiate or engage with her in any interactive process to identify the precise limitations resulting from her disability and potential accommodations that could cover those limitations including, but not limited to, additional unpaid leave.

ix.     The effect of the practices complained of in paragraph 12b above has been to deprive Murkinson of equal employment opportunities and otherwise affect her status as an employee because of her disability.

c.     Defendant hired Betty Bradley ("Bradley") in November 2012.  She worked as an Infection Control Nurse.

i.     Bradley satisfactorily performed the essential functions of her job during the time that she worked for Defendant.

ii.     In, or around, October 2014, Bradley informed Defendant of her ovarian cancer, a physical impairment which substantially limits one or more of her major life activities and bodily functions including, but not limited to, normal cell growth.

iii.     At all relevant times, Bradley was an individual with a disability within the meaning of the ADA who could perform the essential functions of her Infection Control Nurse position with or without a reasonable accommodation.

iv.     In, or around, October 2014, Bradley began her FMLA leave.

v.     In, or around, December 2014, Bradley informed Defendant that she could return to work on, or before, the end of her FMLA leave.  At that time, she

requested a reasonable accommodation in the form of intermittent medical leave one day per week so that she could receive chemotherapy treatments

      vi.      Defendant denied Bradley's request for a reasonable accommodation.

      vii.      Bradley's FMLA leave expired on, or around, December 10, 2014.  Defendant terminated Bradley on, or around, December 10, 2014.

      viii.      Before terminating Bradley, Defendant did not initiate or engage with her in any interactive process to identify the precise limitations resulting from her disability and potential accommodations that could cover those limitations including, but not limited to, additional unpaid intermittent leave.

      ix.      The effect of the practices complained of in paragraph 12c above has been to deprive Bradley of equal employment opportunities and otherwise affect her status as an employee because of her disability.

      d.      Defendant hired Michelle Williams ("Williams") in July 2012.  She worked as a Counselor.

      i.      Williams satisfactorily performed the essential functions of her job during the time that she worked for Defendant.

      ii.      In, or around, December 2014, Williams informed Defendant of her interstitial lung disease, a physical impairment which substantially limits one or more of her major life activities and bodily functions including, but not limited to, breathing and the functioning of her respiratory system.

     iii.      At all relevant times, Williams is an individual with a disability within the meaning of the ADA who, at all times relevant, could perform the essential functions of her Counselor position with or without a reasonable accommodation.

     iv.      Williams began her FMLA leave on January 2, 2015.

     v.      In, or around, March 2015, Williams advised Defendant that she could return to work and requested a reasonable accommodation in the form of using her portable oxygen while working.

     vi.      Defendant denied Williams' reasonable accommodation request to use her portable oxygen while working.

     vii.      On, or before, March 30, 2015, Defendant received a letter from Williams' physician, Dr. Collins, requesting an alternative reasonable accommodation in the form of an extension of her medical leave until May 6, 2015.

     viii.      Defendant denied Williams' reasonable accommodation request to extend her medical leave.

     ix.      Williams' FMLA leave expired on, or around, March 27, 2015.  Defendant terminated Williams on March 30, 2015.

     x.      Before terminating Williams, Defendant did not initiate or engage with her in any interactive process to identify the precise limitations resulting from her disability and potential accommodations that could cover those limitations including, but not limited to, allowing her to work with her portable oxygen or additional unpaid leave.

xi.     The effect of the practices complained of in paragraph 12d above has been to deprive Williams of equal employment opportunities and otherwise affect her status as an employee because of her disability.

13.     Since at least January 2014, Defendant has engaged in unlawful employment practices, at all its facilities, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), by failing to provide a similarly situated class of individuals with a reasonable accommodation for their actual disabilities and by terminating them because of their disabilities, as follows:

a.     Under Defendant's unlawful fixed leave policy, numerous other qualified employees with disabilities have been terminated and denied employment opportunities.

b.     As a matter of course, Defendant has refused to make reasonable accommodations to the known physical and mental limitations of otherwise qualified individuals with disabilities.

c.     As a matter of course, Defendant failed and refused to engage in an interactive process with employees with disabilities, to discuss or consider potential accommodations for their disabilities.

d.     The effect of the practices complained of in paragraph 13 above has been to deprive a similarly situated class of individuals with disabilities of equal employment opportunities and otherwise affect their status as employees because of their disabilities.

14.     Since at least January 2014, as a matter of course, Defendant discharged Massaquoi and a class of similarly situated qualified individuals because of their

disabilities in violation of Sections 102(a) and 102(b)(5)(B) of the ADA.  42 U.S.C. §§ 12112(a) and (b)(5)(B).

15.     As a direct and proximate result of these violations of her rights under the ADA, Massaquoi and a class of similarly situated qualified individuals with disabilities have suffered damage in the form of past pecuniary losses.  In addition, they have suffered emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

16.     The unlawful employment practices complained of herein were intentional

17.     The unlawful employment practices complained of herein were done with malice or with reckless indifference to federally protected rights of Massaquoi and a class of similarly situated qualified individuals with disabilities.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to reasonably accommodate any individual with a disability and from engaging in any employment practice which discriminates on the basis of a disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to cease utilizing its fixed medical leave practice as written or administered and revise these policies and procedures to bring them into compliance with the ADA.

D.      Order Defendant to implement non-discriminatory objectives, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and informs all employees that Defendant will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA.

E.      Order Defendant to make whole Massaquoi and a class of similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay.

F.      Order Defendant to make whole Massaquoi and a class of similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of herein, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial.

G.      Order Defendant to make whole Massaquoi and a class of similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of herein, including emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

H.   Order Defendant to pay Massaquoi and a class of similarly situated individuals punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

I.   Grant such further relief as the Court deems necessary and proper.

J.   Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

OF COUNSEL:
UNITED STATES ATTORNEY
DISTRICT OF DELAWARE

DAVID C. WEISS
Acting United States Attorney

JENNIFER HALL
Assistant United States Attorney
United States Department of Justice
1007 Orange Street, P.O. Box 2046
Wilmington, Delaware  19899
Phone: (302) 573-6148
jennifer.hall@usdoj.gov

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA LUISA MOROCCO
Supervisory Trial Attorney

KEYANA C. LAWS
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107
Phone:      (215) 440-2642
Fax:        (215) 440-2848
Keyana.Laws@eeoc.gov

Dated:      June 29, 2017