IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)   Case No. 1:17-cv-00862-MN |
| v. | )<br>)<br>) |
| CONNECTIONS CSP, INC., | )<br>) |
| Defendant. | )<br>)<br>) |

## **CONSENT DECREE**

This Action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), against Connections Community Support Programs, Inc. ("Defendant"), alleging violations of Sections 102(a) and 102(b)(5)(A) of the Americans With Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The Commission alleged that Defendant subjected former employees Sabaina Massaquoi, Betty Bradley, Chanda Murkison, Yveya Taylor, Michelle Williams, and a class of similarly situated employees to discrimination by failing to provide them with reasonable accommodations for their disabilities.  The Commission alleged also that Defendant discriminated against them when it terminated their employment because of their disabilities.

The Commission and Defendant desire to resolve this action without the time and expense of continued litigation and they desire to formulate a plan, to be embodied in a Consent Decree ("Decree"), that will resolve the Commission's claims and promote and effectuate the purposes of the ADA.  This Decree does not constitute adjudication on the merits of the Commission's case

and it shall not be construed as a waiver by the Commission of any contentions of discrimination, nor an admission of liability by Defendant. The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, and the ADA. Therefore, upon due consideration of the record herein,

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all claims alleged in the Complaint filed by the Commission in this ADA action, which emanated from the Charge of Discrimination filed by Sabaina Massaquoi, EEOC Charge No. 17C-2015-00304C.

2. This Decree shall be in effect for a period of three (3) years from the date it is entered by the Court.

## NON-DISCRIMINATION

3. Defendant and its officers, directors, agents, employees, successors, assigns, governing board members, and all persons in active concert or participation with any of them are hereby enjoined from violating the ADA and shall not discriminate nor take adverse employment actions against qualified individuals on the basis of their disabilities or on the basis of the need to accommodate their disabilities, and further shall provide reasonable accommodations to such qualified disabled individuals when required under the ADA.

4. Defendant shall not retaliate, coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of any right granted and protected by the ADA.

## COVERED FACILITIES

5. The provisions of this Decree shall apply to all of Defendant's facilities, worksites, and other locations of its operations.

## MONETARY RELIEF

6. Within thirty (30) days from the date of entry of the Decree, Defendant shall pay relief in the total amount of $550,000.00. This figure represents $224,488.50 in lost wages with interest ("backpay") and $325,511.50 in compensatory damages alleged under 42 U.S.C. § 1981a ("1981a damages"). The backpay and 1981a damages will be divided among Sabaina Massaquoi, Betty Bradley, Chanda Murkison, Yveya Taylor, Michelle Williams (the "Claimants") at the discretion of the Commission. The Commission will notify Defendant in writing at the time of, or prior to, the filing of the Consent Decree, how the backpay and 1981a damages are to be divided among the Claimants. The Commission will also supply Defendant with updated IRS Form W-4s for the Claimants. Defendant shall make payment in full to each Claimant within 30 days of the entry of the Decree and, in so doing, shall follow the procedures set forth below.

7. For backpay, Defendant shall withhold all applicable employee taxes and statutory deductions from the backpay award to each Claimant. Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the backpay award. Defendant shall report the backpay payment, and applicable withholdings, to the IRS and each respective Claimant via an IRS Form W-2 issued for 2019.

8. For 1981a damages, withholdings and deductions shall not apply. Defendant shall report such non-wage payments to the IRS and each respective Claimant via an IRS Form 1099 for 2019.

9. Defendant shall send checks directly to each Claimant by certified mail or express delivery service, at an address provided by the Commission. Each Claimant shall receive two checks, one constituting backpay along another constituting 1981a damages.

10. Within three (3) days of such payment, Defendant shall send a photocopy of the check, along with a photocopy of the certified mail receipt or other documentation of delivery, to the Commission's counsel of record at the Philadelphia District Office.

## MEDICAL LEAVE POLICY MODIFICATION AND DISSEMINATION

11. To the extent it has not already done so prior to entry of this Decree, Defendant shall ensure that any and all policies related to medical leaves of absence explicitly and prominently state:

    A. that the Defendant has modified its prior policies and will now make exceptions to any maximum leave duration provisions by providing additional unpaid medical leave beyond the maximum allowed by its policies when necessary to provide reasonable accommodations to employees with disabilities; and

    B. that any employee who requires additional medical leave beyond Defendant's maximum duration should make a reasonable accommodation request for such leave in accordance with Defendant's procedures.

Within thirty (30) days of entry of this Decree, Defendant shall disseminate its modified medical leave policies in the manner described below in Paragraph 13. It will provide to EEOC counsel of record a copy of all policies related to medical leave required to be modified by this Decree and a declaration from a responsible Defendant official authenticating the modified policies and verifying that they have been disseminated to all employees in the manner described below in Paragraph 13.

4

## ADA REASONABLE ACCOMMODATION POLICY AND DISSEMINATION

12. Within thirty (30) days from the date of entry of the Decree, Defendant will:

   A. implement and disseminate to all existing employees, in the manner described below in Paragraph 13, and begin disseminating to new hires, a modified ADA Reasonable Accommodation policy that guarantees that efforts to provide reasonable accommodations to individuals covered under the ADA will include interactive communications and individualized assessments to determine what accommodations would be reasonable and effective given the circumstances of each respective disabled individual;

   B. designate specific individuals or positions to which requests for accommodations should be directed by applicants or employees; and

   C. distribute to employees, in the manner described below in Paragraph 13, and begin distributing to all new employees, information clearly explaining not only their right to request an accommodation, but also the process for exercising that right under Defendant's modified policy.

## DISSEMINATION OF POLICIES

13. Defendant shall disseminate its revised medical leave policy and ADA reasonable accommodation policy to current employees by:

   A. Uploading the new policies onto its employee-accessible intranet and by adding references to the new policies in its current Employee Handbook;

   B. Providing notice to all employees of the updated policies via a notification on its Paylocity payroll system. This notice will identify the new and/or modified policies by name and identify where they can be viewed. This notice shall remain in place for ninety (90) days.

## TRAINING

14. Within thirty (30) days from the date of entry of the Decree, Defendant shall provide no less than three (3) hours of training all persons with job duties that relate to processing, investigating, reviewing, and/or making decisions concerning complaints of disability discrimination and requests for reasonable accommodation and no less than one (1) hour of training to all management personnel.

15. The trainings, as described above, will promote Defendant's compliance with federal anti-discrimination laws, with an emphasis on the ADA, Defendant's duty not to discriminate against qualified individuals based on their disabilities and Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities, through an interactive process, which permit the individuals to perform the essential functions of the position held or desired.

16. Further, the trainings will specifically address the adoption and implementation of Defendant's revised ADA reasonable accommodation and medical leave policies as described above. The trainings shall be led by an ADA compliance specialist previously agreed to by the parties. Within ten (10) days of the trainings' completion, Defendant shall provide certification to the Commission's counsel of record that such trainings have occurred. This certification shall include the dates, times, locations of the trainings, and the identities of all trainers and attendees.

## POSTING

17. Within ten (10) days after entry of the Consent Decree, Defendant shall post, in all places where notices to employees customarily are posted at all member facilities, worksites, and other locations of its operations, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree with the date of

actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant shall ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within twenty (20) days of completion of the required posting, Defendant shall forward to the Commission's counsel of record a copy of the signed Notice attached hereto, written certification that the Notice referenced herein has been posted as required, and a statement certifying that it was posted at all of Defendant's sites and date(s) of posting. To the extent Defendant opens new sites during the time this Decree is in effect, Defendant is required to post the Notice at the new sites.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

18. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.

19. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance in writing.

    A. If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

    B. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such action; and

    C. Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Delaware.

## REPORTING REQUIREMENTS

20. Commencing one year after the entry of this Decree by the Court, Defendant shall provide annual written reports to the Commission identifying all complaints of disability discrimination for the preceding one year period.

21. Each report shall identify all persons who complained to Defendant of disability discrimination during the reporting period. Such identification shall include: the name, address, and telephone numbers for each person who complained about the conduct at issue; the name, address, and telephone numbers for each person whom each complainant identified as a potential witness; the name, address, and telephone numbers for each person whom Defendant contacted, interviewed, or otherwise obtained information from concerning the complaint; and the name, address, and telephone numbers for each person who was alleged to have engaged in discriminatory conduct.

22. Each report shall include a detailed description of all action taken in response to each complaint and shall include copies of all documents reflecting the action(s) Defendant took to investigate each complaint and copies of any statements obtained.

23. Each report shall include a certification by Defendant that the Notice required to be posted pursuant to this Decree remained posted during the entire period required.

## MISCELLANEOUS

24. The Commission and Defendant shall bear their own costs and attorneys' fees.

25. All claims brought by the Commission against Defendant in the instant action (Case No. 17-cv-0862) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

26. If any provision(s) of this Consent Decree is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

27. The terms of the Consent Decree are and shall be binding upon (a) Defendant (b) all present and future parents of Defendant; (c) all present and future subsidiaries and/or affiliates of Defendant; and (d) all present and future owners, officers, directors, employees, agents, trustees, administrators, successors, representatives, governing board members, or assigns of Defendant.

28. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

29. When this Consent Decree requires the submission of any documents to the Commission, if not otherwise indicated in the Decree or Attachments, they shall be mailed by certified mail to the Commission's counsel of record.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

| | |
|---|---|
| **FOR PLAINTIFF**<br>**U.S. EQUAL EMPLOYMENT**<br>**OPPORTUNITY COMMISSION** | **FOR DEFENDANT**<br>**CONNECTIONS COMMUNITY**<br>**SUPPORT PROGRAMS, INC.**<br>**SUPPORT PROGRAMS, INC.** |
| /s/ Debra M. Lawrence<br>DEBRA M. LAWRENCE<br>Regional Attorney | /s/ Steven T. Davis<br>STEVEN T. DAVIS<br>General Counsel |
| /s/ Maria L. Morocco<br>MARIA L. MOROCCO<br>Supervisory Trial Attorney | |

/s/ Joshua E. Zugerman
JOSHUA E. ZUGERMAN
Trial Attorney
U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA  19107-3127
Phone:  (267) 589-9763
Fax:     (215) 440-2848
joshua.zugerman@eeoc.gov

**IT IS SO ORDERED:**

Signed and entered this ___10th___, day of __September_____, 2019.

_____
Maryellen Noreika, United States District Judge
United States District Court for the District of Delaware

EXHIBIT A



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL CONSENT DECREE

This Notice is being posted pursuant to a federal court order voluntarily resolving a disability discrimination lawsuit brought by the United States Equal Employment Opportunity Commission (the "Commission") against Connections Community Support Programs, Inc. ("Connections"). In that lawsuit called *EEOC v. Connections CSP, Inc.*, Case No. 1:17-cv-00862, the Commission alleged that Connections violated the Americans with Disabilities Act of 1990, as amended (the "ADA"). 42 U.S.C. Section 12101, *et seq*.

The ADA prohibits discrimination against qualified employees and applicants with disabilities. The Commission is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce the ADA.

Connections is required to provide a reasonable accommodation to any qualified disabled employee or applicant that permits him/her to perform the essential functions of his/her existing or desired position, provided such accommodation does not create an undue hardship on Connections. Extensions of medical leave and granting disabled employees exemptions from the requirements of certain policies that apply to other non-disabled employees can be forms of reasonable accommodation in certain circumstances.

To resolve this lawsuit, Connections and the Commission have entered into a Consent Decree which provides, among other things, that Connections (1) will not discriminate on the basis of disability; (2) will grant additional unpaid leave beyond the 12 week limit when necessary to provide reasonable accommodations to disabled employees within the requirements of the ADA; (3) will train all management personnel and all persons with job duties that relate to processing, investigating, reviewing, and/or

making decisions concerning complaints of discrimination and requests for reasonable accommodation concerning the federal laws prohibiting disability discrimination, reasonable accommodations, and Connection's policies on these matters; and (4) will publish revised medical leave and ADA reasonable accommodation policies.

If you believe you have been discriminated against, you may contact the Commission at (800) 669-4000 or (267) 589-9700.  This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____  _____
Connections Community Support Programs, Inc.